1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

---

**NORMAN L. PIMENTEL,**

        **Plaintiff,**

   **v.**

**COUNTY OF FRESNO, et al.,**

        **Defendants.**

**1:10-cv-01736-OWW-DLB**

**MEMORANDUM DECISION REGARDING DEFENDANTS' MOTION TO DISMISS (Doc. 11)**

---

**I. <u>INTRODUCTION</u>.**

Plaintiff Norman L. Pimentel ("Plaintiff") brings this action for damages against the County of Fresno and Jose Flores ("Defendants"). Plaintiff initiated this action in the California Superior Court, County of Fresno, on March 20, 2009. (See Doc. 8 at 20). Plaintiff filed a first amended complaint (FAC) on August 30, 2010. (Id. at 25).

Defendants removed Plaintiff's action to federal court on September 21, 2010. (Doc. 2). Defendants filed a motion to dismiss the FAC on September 27, 2010. (Doc. 11).

Plaintiff filed opposition to Defendants' motion on January 10, 2011. (Doc. 17). Defendants filed a reply on January 14, 2011. (Doc. 18).

///

**1**

1          II. **FACTUAL BACKGROUND**.

2 **A. Allegations Contained in the Original Complaint**

3         According to Plaintiff's original complaint, Plaintiff was an
4 inmate at the Fresno County Jail on or about April 25, 2008.  At
5 the time Plaintiff was admitted into the Fresno County Jail,
6 Defendants knew or should have known that Plaintiff was suffering
7 from psychiatric and seizure disorders and was prescribed
8 medication for such disorders.  Because of his condition, Plaintiff
9 needed to be housed in a part of the jail designated for inmates
10 with medical needs.  Defendants negligently and carelessly assigned
11 Plaintiff to a cell in the general population and to a top bunk bed
12 that did not have any ladder or other means to assist Plaintiff in
13 climbing onto or off of the top bunk.

14        On or about April 25, 2008, as Plaintiff was trying to descend
15 from the top bunk, Plaintiff fell to the concrete floor and
16 suffered injuries to his spine, back, and other parts of his body.
17 (Original Complaint at 2, Doc. 8 at 21).

18 **B. Allegations Contained in the FAC**

19        From March 18, 2008 through August 25, 2008, Plaintiff was a
20 67 year old inmate and pre-trial detainee in the Fresno County
21 Jail.  As Plaintiff had previously been an inmate, the County of
22 Fresno knew Plaintiff was suffering from pyschiatric and seizure
23 disorders.  The County of Fresno assigned Plaintiff to a cell with
24 bunk beds that did not have any ladder or other device to assist
25 Plaintiff in climbing onto or off of the top bunk.

26        On or about April 25, 2008, Plaintiff was trying to descend
27 from the top bunk when he fell to the concrete floor where his L2
28 vertebrae was fractured; he was rendered momentarily unconscious.

**2**

1   (FAC at 2; Doc. 3 at 26).

2       In addition to asserting negligence claims against Defendants
3   based on the alleged failure to properly assign Plaintiff to a safe
4   cell, the FAC also alleges that Defendants failed to "ensure
5   provision" of "emergency and basic health care services" from May
6   2008 through his release on August 25, 2008. (FAC at 6; Doc. 3 at
7   30). The FAC advances a claim under 42 U.S.C. § 1983 based on
8   Defendant's purported failure to "provide adequate medical care
9   after Plaintiff fractured his back." (FAC at 8l Doc. 3 at 32).
10  The FAC also asserts that the County of Fresno failed "to provide
11  training and supervision regarding proper appropriate practices and
12  procedures to provide adequate medical attention...to pre-trial
13  detainees confined in its jail." (Id.).

14              **III.** **LEGAL STANDARD**.

15      Dismissal under Rule 12(b)(6) is appropriate where the
16  complaint lacks sufficient facts to support a cognizable legal
17  theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
18  Cir.1990). To sufficiently state a claim to relief and survive a
19  12(b)(6) motion, the pleading "does not need detailed factual
20  allegations" but the "[f]actual allegations must be enough to raise
21  a right to relief above the speculative level." *Bell Atl. Corp. v.*
22  *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
23  Mere "labels and conclusions" or a "formulaic recitation of the
24  elements of a cause of action will not do." *Id*. Rather, there must
25  be "enough facts to state a claim to relief that is plausible on
26  its face." *Id*. at 570. In other words, the "complaint must contain
27  sufficient factual matter, accepted as true, to state a claim to
28  relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S.

**3**

----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial

**4**

notice-without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

### IV. DISCUSSION.

**A. Section 1983 Claim**

    **1. Statute of Limitations**

      The statute of limitations period for actions brought under 42 U.S.C. § 1983 is determined by the state's law for personal injury claims. *E.g. Azer v. Connell*, 306 F.3d 930, 935 (9th Cir. 2002). The two-year statute of limitations set forth in California Code of Civil Procedure section 335.1 provides the applicable statute of limitations for most section 1983 actions arising in California. *E.g. Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004)("a § 1983 action filed in California...[is] governed by California's [] two-year statute of limitations for personal injury actions").[1]

      Plaintiff contends he is entitled to tolling pursuant to California Code of Civil Procedure section 352.1.  Section 352.1 tolls the statute of limitations for up to two years for persons who are imprisoned at the time their cause of action accrues. Section 352.1 provides, in pertinent part:

> (a) If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.
>
> (b) This section does not apply to an action against a public entity or public employee upon a cause of action

---

[1] California Code of Civil Procedure section 340.5 provides a separate statute of limitations for actions "for injury or death against a health care provider based upon...alleged professional negligence." Cal. Code Civ. P. 340.5.  Although Plaintiff's section 1983 claim is based on the failure of prison officials to provide Plaintiff access to medical care, The FAC does not assert any claims against medical professionals.

for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) or Chapter 2 (commencing with Section 910) of Part 3, or Chapter 3 (commencing with Section 950) of Part 4, of Division 3.6 of Title 1 of the Government Code...

(c) This section does not apply to an action, other than an action to recover damages or that portion of an action that is for the recovery of damages, relating to the conditions of confinement, including an action brought by that person pursuant to Section 1983 of Title 42 of the United States Code

Cal. Code. Civ. P. 352.1.

The Ninth Circuit has held that section 352.1 does not apply to civil detainees. *Jones*, 393 F.3d at 928-29 ("the literal language of [section 352.1] does not cover...civil detainee[s]").[2] Although the law of the Ninth Circuit precludes application of section 352.1 to civil detainees, the law of the Ninth Circuit permits civil detainees to benefit from the equitable tolling provisions of California law where they are subjected to obstacles to litigation identical to those of criminal inmates. *Id*. Equitable tolling under California law "'operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Id*. at 928 *(citing Lantzy v. Centex Homes*, 31 Cal. 4th 363 (Cal. 2003)). Actual, uninterrupted incarceration is the touchstone for applying equitable tolling to a pretrial detainee subjected to conditions similar to that of a criminal inmate. *Id*.

The conduct underlying Plaintiff's section 1983 claim occurred

---

[2] No published California authority has adopted the Ninth Circuit's construction of section 352.1. Notably, the plain language of section 352.1 does not limit its application to persons imprisoned on criminal *convictions,* rather, it applies to persons "imprisoned on a criminal *charge*." Cal. Code Civ. P. 352.1 (emphasis added).

from April 25, 2008 to August 25, 2008 while Plaintiff was housed at the Fresno County Jail as a pretrial detainee.   It appears Plaintiff was released from the Fresno County Jail on August 25, 2008.   (Doc. 3 at 3; 53).   As Plaintiff is entitled to equitable tolling of the statute of limitations for the time period between the date on which his section 1983 action accrued and the time of his release on August 25, 2008, the two-year statute of limitations set forth in California Civil Code section 335.1 began to run on August 25, 2008 and expired on August 25, 2010.   *Jones*, 393 F.3d at 929.

Plaintiff filed a motion to amend his original complaint on July 23, 2010, within the limitations period applicable to his section 1983 claim.   (Motion to Amend, Doc. 4 at 18).   Pursuant to California law, the filing of a motion to amend along with a proposed amended complaint tolls the statute of limitations.   *See Wallis v. Southern Pac. Transportation Co.*, 61 Cal. App. 3d 782, 787 (Cal. Ct. App. 1976) (*citing Wiener v. Superior Court,* 58 Cal. App. 3d 525 (Cal. Ct. App. 1976) ("the text of the proposed first amended complaint...was filed by the clerk of the superior court...as a part of the notice of motion for leave to amend. In that literal sense, plaintiffs met the requirement that the complaint be filed within one year.")).   On August 26, 2010, the Superior Court granted Plaintiff's request for leave to amend and directed Plaintiff to file an amended complaint by August 30, 2010. (Doc. 3 at 42).   As Plaintiff filed the FAC on August 30, 2010 in compliance with the Superior Court's order, the FAC is timely under California law.   *See Wiener,* 58 Cal. App. 3d at 530 (noting that the date on which trial court issues its ruling on a motion to

**7**

amend determines when amended complaint can be filed); *see also Jones*, 393 F.3d at 928 (fundamental practicality and fairness considered in adjudicating statute of limitations issues).

### 2. Pleading Deficiencies

Plaintiff asserts a section 1983 claim against the County of Fresno, the County of Fresno Jail Administrator (Doe 1), and Does 2-25. (FAC at 8). Plaintiff avers that Defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiff complains that (1) Defendants failed to provide adequate medical care to him after he fractured his back; and (2) the County of Fresno failed to provide training and supervision regarding practices and procedures needed to provide medical attention to persons confined in the Fresno County Jail. Only Plaintiff's Fourteenth Amendment claim is viable, as the Fourth Amendment does not provide the proper framework for Plaintiff's medical needs claim. *See, e.g., Lolli v. County of Orange*, 351 F.3d 410, 418 (9 th Cir. 2003) ("Although the Fourth Amendment provides the proper framework for Lolli's excessive force claim, [] it does not govern his medical needs claim") (citation omitted).

The Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees. *See, e.g., Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-42 (9th Cir. 2010).[3]  Claims

[3] Although the Ninth Circuit has suggested that the Eighth Amendment may provide only "a minimum standard of care" for determining the rights of pretrial detainees, *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003), "deliberate indifference" remains the applicable standard under binding Ninth Circuit precedent, *Clouthier*, 591 F.3d at 1242.

based on the failure of jail staff to address a detainee's medical needs are analyzed under a "deliberate indifference" standard. *Id*. at 1242.   A correctional officer is liable for denying needed medical care to a detainee only if the officer "knows of and disregards an excessive risk to inmate health and safety." *E.g. Lolli*, 351 F.3d at 419.  "In order to know of the risk, it is not enough that the person merely 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, [] he must also draw that inference.'" *Id*. (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

### (i) Allegations Against the County

Municipalities "are 'persons' under 42 U.S.C. § 1983 and thus may be liable for causing a constitutional deprivation." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  In a section 1983 case, a municipality cannot be liable for a constitutional violation on the basis of respondeat superior. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978).  A municipal entity is "liable only when 'action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) (quoting *Monell*, 436 U.S. at 691).  The "official municipal policy" can be an expressly adopted policy or "a longstanding practice or custom." *Id*. (internal quotation marks omitted).

A local governmental body may be liable if it has a policy that amounts to a failure to protect constitutional rights. *E.g. Mortimer v. Baca*, 594 F.3d 714, 722 (9th Cir. 2010) (citing *Berry v. Baca*, 379 F.3d 764, 767 (9th Cir. 2004).  A merely negligent policy does not violate the Constitution, rather, a policy amounts

**9**

to deliberate indifference only where:

> the need for more or different action is so obvious, and the inadequacy of the current procedure so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need.

*Id*. at 723 (quotations omitted) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1477-78 (9th Cir. 1992)); *accord City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989) (violation exists where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need").

The Ninth Circuit employs a four-step framework for resolving claims of deliberate indifference against a municipal entity. *Mortimer*, 594 F.3d at 717-18 (citing *Berry*, 379 F.3d at 773). In order to prevail on a deliberate indifference claim against a municipality, a plaintiff must establish: (1) violation of a constitutional right; (2) the existence of a municipal policy; (3) that the risk of constitutional violations under the policy is so likely that the need for an improved policy is obvious; and (4) that the challenged policy caused the constitutional injury complained of. *See id*.

The FAC does not contain sufficient facts to allege that the County's policy regarding medical care for persons at Fresno County Jail amounts to deliberate indifference.[4] The FAC does not contain

---

[4] As discussed below, the FAC does not allege a violation of Plaintiff's constitutional rights. The court proceeds to step two of the Ninth Circuit's four part inquiry in order to advise Plaintiff of the additional deficiencies that require dismissal of Plaintiff's section 1983 claim against the County and the Fresno County Jail Administrator.

any factual allegations describing what the County's jail inmate medical policy is or why such policy is obviously deficient.  Nor does the FAC allege that the County employs an official policy of ignoring the medical needs of persons confined at the Fresno County Jail.  To the contrary, the FAC alleges that Fresno County Jail employs a screening process whereby persons are interviewed regarding medical conditions, that jail administrators assigned Plaintiff to a section of the jail reserved for prisoners with medical needs, and that Plaintiff was taken to the hospital within five days of injuring himself.  These factual allegations contradict the FAC's conclusory allegation that the County of Fresno employs a policy that is deliberately indifferent to the medical needs of persons confined at the Fresno County Jail.  As currently pled, Plaintiff's claim for inadequate medical treatment sounds in simple negligence, not deliberate indifference.  Plaintiff's section 1983 claims against the County of Fresno is DISMISSED, without prejudice.

### (ii) Allegations Against Doe Defendants

The FAC alleges that "each of the [] Doe Defendants is negligently responsible in some manner for the occurrences herein alleged." (FAC at 1).  Negligence is not a basis for section 1983 liability.  With respect to Plaintiff's claim against the Fresno County Jail Administrator, a supervisor may not be held liable under section 1983 based on a respondeat superior theory.  *E.g. Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992).

The complaint is devoid of factual allegations regarding the circumstances surrounding Plaintiff's injury and his request for medical attention.  In order to satisfy applicable  pleading

requirements, Plaintiff's allegations must demonstrate that Defendants were aware of facts that could lead them to infer that Plaintiff faced a substantial risk of serious harm. *See Iqbal*, 129 S.Ct. at 1949 (sufficient facts must be alleged); *see also Lolli*, 351 F.3d at 419 (official must be aware of facts sufficient to support inference of substantial risk of serious harm).

Plaintiff's section 1983 claims against Doe Defendants are DISMISSED, without prejudice.

**B. Negligence Claims**

**1. Statute of Limitations**

The statute of limitations for a negligence action is two years. Cal. Code Civ. P. 335.1. The statute of limitations for a negligence action begins to run when a plaintiff has cause to sue based on knowledge or suspicion of negligence. *See, e.g., Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 803 (Cal. 2005) (citing *Bristol-Myers Squibb Co. v. Superior Court,* 32 Cal. App. 4th 959, 966 (Cal. Ct. App. 1995));[5] *accord E.g. E-Fab, Inc. v. Accountants, Inc. Services*, 153 Cal. App. 4th 1308, 1317 (Cal. Ct. App. 2007)("Generally speaking, a cause of action accrues at the time when the cause of action is complete with all of its elements.").

Defendants contend that certain of Plaintiff's negligence claims are time-barred because several of the allegations contained in the FAC do not relate back to Plaintiff's original complaint.

---

[5] *Fox* disapproved of *Bristol-Myers* to the extent it held that "'when a plaintiff has cause to sue based on knowledge or suspicion of negligence the statute starts to run as to *all* potential defendants,' regardless of whether those defendants are alleged as wrongdoers in a separate but related cause of action." 35 Cal. 4th at 803, 812 (emphasis in original).

The FAC asserts three distinct negligence claims.  First, the FAC asserts that the County negligently failed to ensure that Plaintiff was assigned to a bottom bunk bed, causing him to fall from the top bunk and injure his spine on April 25, 2008 ("first negligence claim").  (FAC at 2-3).  Second, the FAC asserts that Defendants negligently failed to ensure treatment of Plaintiff's injury from April 25, 2008 to April 30, 2008 ("second negligence claim").  (FAC at 5).  Specifically, Plaintiff complains that although he fractured his spine on April 25, he was not taken to the hospital for treatment until April 30, 2008.  (Id.).  Third, the FAC asserts that from May 2008 until his release on August 25, 2008, Defendants negligently failed to provide "proper follow up therapy, diet, and treatment as ordered by physicians after his surgery" ("third negligence claim").  (FAC at 6).

### a. Relation Back

Plaintiff raised the first negligence claim asserted in the FAC in the original complaint filed on March 20, 2009.  (Doc. 8 at 21).  The FAC's first negligence claim clearly relates back to the identical claim advanced in Plaintiff's original complaint, timely filed less than a year after accrual of the claim.  *See, e.g., Norgart v. Upjohn Co.*, 981 P.2d 79, 96 (Cal. 1999) (relation-back doctrine requires that the amended complaint must (1) rest on the same general set of facts, (2) involve the same injury, and (3) refer to the same instrumentality, as the original one).[6]  The second and third negligence claims were raised for the first time in the FAC filed in 2010; neither relates back to the original

---

[6] The relation back provisions of state law govern in a federal action under section 1983.  *E.g. Ortiz v. Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).

**13**

complaint.

California's relation-back doctrine requires that the amended complaint must (1) rest on the same general set of facts, (2) involve the same injury, and (3) refer to the same instrumentality, as the original one. *E.g. Norgart*, 981 P.2d at 96.  Plaintiff's second and third negligence claims do not rest on the same set of facts alleged in the original complaint or the same instrumentality.  To the contrary, the second and third negligence claims are based on different acts and omissions, different injuries, and different duties from those alleged in the original complaint.  The only duty at issue in Plaintiff's original complaint was the purported duty to assign Plaintiff a lower bunk bed, and the instrumentality causing injury was the upper bunk.  The injury caused by the first negligence claim was Plaintiff's fractured vertebrae.  The second and third negligence claims are based on the duty to provide Plaintiff access to medical care, and the mechanism of injury was the failure to provide such care.  The alleged injury underlying the second and third negligence claims is Plaintiff's pain and suffering caused by Defendant's failure to provide timely, appropriate medical care.  The second and third negligence claims do not relate back to the original complaint. *See, e.g., Espinosa v. Superior Court*, 202 Cal. App. 3d 409, 414-15 (Cal. Ct. App. 1988) (relation back does not apply if pleadings allege different accidents and different injuries).

### b. Tolling

Ninth Circuit law holds that California Government Code section 352.1 is inapplicable to pretrial detainees.  *Jones*, 393 F.3d at 928-29.  Section 352.1 is also inapplicable to Plaintiff's

**14**

state law claims by its own terms, as section 352.1 does not apply to negligence claims against public entities or public employees. *See* Cal. Code Civ. P. 352.1(b) ("This section does not apply to an action against a public entity or public employee upon a cause of action for which a claim is required to be presented").[7]

No published California or Ninth Circuit authority holds that equitable tolling is available to civil detainees for the types of claims identified in section 352.1(b).  It would be anomalous for California law to permit civil detainees to benefit from equitable tolling for claims specifically excluded by 352.1(b), as convicted inmates are not entitled to equitable tolling of claims excluded by section 352.1(b). *See Rose v. Hudson*, 153 Cal. App. 4th 641, 656 (Cal. Ct. App. 2007) (rejecting former prisoner's invocation of equitable tolling because, *inter alia*, section 352.1 controlled in light of general rule that more specific statute applies where multiple basis for tolling exist).  Because, in the context of applying statutes of limitations, there is no principled reason for treating convicted inmates differently from civil detainees facing identical obstacles to litigation, *see Jones*, 393 F.3d at 928-29, civil detainees are not entitled to equitable tolling of claims expressly excluded from tolling under section 352.1(b).

### c. The FAC's Second Negligence Claim is Time-Barred

The second negligence claim asserted in the FAC is premised on Defendants' alleged failed to provide treatment for Plaintiff's injury from April 25, 2008 to April 30, 2008.  (FAC at 5).  At the

---

[7] As the FAC implicitly concedes, Plaintiff's state law claims against the County and its employees are subject to the requirements of California Government Code section 905.  (FAC at 3)(alleging that Plaintiff complied with requirements of section 905).

latest, the statute of limitations began to run on Plaintiff's second negligence claim on April 30, 2008 and expired on April 30, 2010. Plaintiff did not file his request for leave to amend his original complaint until July 23, 2010, almost three months after the statute of limitations on the second negligence claim expired. As the second negligence claim does not relate back to the original complaint, and because Plaintiff is not entitled to equitable tolling on his negligence claims against the County and its employees, the second negligence claim is time-barred. Plaintiff's second negligence claim arising out of alleged acts and omissions occurring between April 25, 2008 and April 30, 2008 is DISMISSED, WITH PREJUDICE.

### d. The FAC's Third Negligence Claim

The third negligence claim advanced in the FAC asserts that from May 2008 until his release on August 25, 2008, Defendants negligently failed to provide "proper follow up therapy, diet, and treatment as ordered by physicians after his surgery." (FAC at 6). This claim is likely time-barred, however, it is not clear from the face of the FAC when Plaintiff had cause to sue based on knowledge or reasonable suspicion of this alleged lack of care. *See, e.g., Fox*, 35 Cal. 4th at 803. Accordingly, dismissal with prejudice of Plaintiff's third negligence claim is inappropriate at this time. Plaintiff's third negligence claim is DISMISSED, without prejudice.

### 2. Pleading Deficiencies

Plaintiff asserts negligence claims against the County of Fresno only. Plaintiff's negligence claim is based on the County's alleged breach of duties imposed by the following regulations: (1) 15 Cal. Code Reg. § 1029; (2) 15 Cal. Code Reg. § 1050(a); (3) 15

**16**

Cal. Code Reg. § 1200; (4) 15 Cal. Code Reg. § 1206; (5) 15 Cal. Code Reg. § 1208; (6) 15 Cal. Code Reg. § 1210; and (7) 15 Cal. Code Reg. § 1217. (FAC at 4-5).

Plaintiff does not properly allege violations of section 1029, section 1050, section 1206, or section 1217, which require jail administrators to craft written policies and procedures concerning the provision of medical care to inmates. Plaintiff does not allege that the County did not create or maintain policies and procedures regarding medical treatment at the Fresno County Jail, rather, the FAC alleges that the County did not create an individual written treatment plan for *Plaintiff*. (FAC at 5). Nor does Plaintiff properly allege a violation of section 1210, which only applies to inmates "treated by a mental health service in a jail." 15 Cal. Code. Reg. § 1210. Plaintiff does not allege he received mental health services at Fresno County Jail.

The only colorable allegations of administrative regulatory violations included in the FAC concern sections 1200 and 1208. Section 1200 requires the facility administrator to ensure provision of emergency and basic health services to all inmates, and section 1208 requires development of a written plan for identifying, assessing, treating and/or referring any inmate who appears to be in need of medical, mental health or developmental disability treatment. Because the FAC does not provide factual detail concerning Plaintiff's condition after the accident or his requests for medical attention, the FAC does not allege facts sufficient to support an inference that either section 1200 or 1208 was violated. *Inter alia*, the FAC fails to allege sufficient facts to establish that any Defendant was aware of facts that would have

**17**

triggered the duties imposed by sections 1200 and 1208.   Each of Plaintiff's negligence *per se* claims must be DISMISSED, without prejudice, subject to the statute of limitations analysis set forth above.

**C. Elder Abuse Claim**

Plaintiff alleges that, at all times relevant, he was a dependant adult within the meaning of California Welfare and Institutions Code section 15610.23.  As a threshold matter, the FAC fails to properly allege that Plaintiff was a "dependant adult" at the time he was housed at Fresno County Jail.   The FAC does not allege facts that Plaintiff had "physical or mental limitations that restrict[ed] his...ability to carry out normal activities or to protect his...rights."   Cal. Wel. & Inst. Code § 15610.23.   The FAC alleges only that Plaintiff suffers from unspecified "psychiatric and seizure disorders," is a "patient of physicians," and has a prescription for anti-seizure medication. (FAC at 2).

Critically, the claim Plaintiff presented to the County of Fresno pursuant to California Government Code section 905 also did not allege that Plaintiff was a dependant adult at the time of his accident.   The claim Plaintiff presented to the County of Fresno did not fairly reflect the critical fact underlying Plaintiff's claim for elder abuse: that Plaintiff suffered from physical or mental limitations that restricted his ability to carry out normal activities or to protect his rights.   (See Doc. 5, Ex. B).

California Government Code section 905 requires the presentation of "all claims for money or damages against local public entities," subject to exceptions not relevant here.   Cal. Gov. Code § 905.   Claims for personal injury must be presented

within six months after accrual.  Cal. Gov. Code § 911.2.

Failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity.  *E.g. City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (Cal. 2007); Cal. Gov. Code § 945.4.  Section 945.4 provides, in pertinent part:

> no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board

Cal. Gov. Code § 945.4.  As the California Supreme Court has explained:

> section 945.4 requires each cause of action to be presented by a claim complying with section 910, while section 910, subdivision (c) requires the claimant to state the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted. If the claim is rejected and the plaintiff ultimately files a complaint against the public entity, **the facts underlying each cause of action in the complaint must have been fairly reflected in a timely claim.** Even if the claim were timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim.

*Stockett v. Ass'n. of Cal. Water Agencies Joint Powers Ins. Authority*, 34 Cal. 4th 441, 447 (Cal. 2004)(emphasis added).

Plaintiff's elder abuse claim against the County of Fresno is likely barred by California Government Code section 945.4. Plaintiff's elder abuse claims against any employees of the county for acts or omissions made in the scope of their employment are similarly barred.  Cal. Gov. Code 950.2 ("a cause of action against a public employee or former public employee for injury resulting

from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred").

It is unclear if Plaintiff can allege an elder abuse claim, not barred by section 950.2, by alleging that a Defendant affirmatively interfered with Plaintiff's medical care while acting outside the scope of employment. The FAC does not suggest Plaintiff has such a claim. The legal viability of such a claim is doubtful, as it does not appear Plaintiff is able to establish the elder abuse statute applied to him or any defendant in the context of the correctional environment. This issue of time barr also remains.

Plaintiff's elder abuse claim is DISMISSED, without prejudice.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Plaintiff's claims pursuant to 42 U.S.C. § 1983 are DISMISSED, without prejudice;

2) Plaintiff's first and third negligence claims are DISMISSED, without prejudice;

3) Plaintiff's second negligence claim, arising out of acts and omissions occurring between April 25, 2008 and April 30, 2008, is DISMISSED, with prejudice;

4) Plaintiff's elder abuse claim is DISMISSED, without prejudice; and

5) Defendants shall submit a form of order consistent with this Memorandum Decision within five (5) days following electronic service of this decision. Plaintiff shall file an amended complaint within fifteen (15) days of the filing of

**20**

1    the order. Defendant shall file a response within fifteen (15)

2    days of receipt of the amended complaint.

3

4    IT IS SO ORDERED.

5    **Dated:   February 1, 2011**                    **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28