Carey H. Johnson, # 40879
Celene Boggs Resong, #172577
STAMMER, McKNIGHT, BARNUM & BAILEY LLP
2540 West Shaw Lane, Suite 110 (93711-2765)
Post Office Box 9789
Fresno, CA 93794-9789
(559) 449-0571

Attorneys for Defendant, COUNTY OF FRESNO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

*****

| | |
|---|---|
| NORMAN PIMENTEL,<br><br>Plaintiff,<br><br>vs.<br><br>THE COUNTY OF FRESNO, and DOES 1 TO 50,<br><br>Defendants. | Case No: 1:10-CV-01736-OWW-DLB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>DATE: January 24, 2011<br>TIME: 10:00 a.m.<br>CTRM: 3<br><br>(Honorable Oliver W. Wanger) |

On Monday, January 24, 2011, before the Honorable Oliver W. Wanger in Courtroom 3 of the United States District Court for the Eastern District of California, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") and in the Alternative to Strike Allegations of Regulatory Violations and Attorney Fees was heard. All parties appeared through counsel. After argument on the issues in open court and review and consideration of all of the pleadings submitted by counsel:

THE COURT FINDS that:

1) Plaintiff NORMAL L. PIMENTEL ("Plaintiff") is bringing an action for damages against the COUNTY OF FRESNO ("County"), CAPTAIN JOSE FLORES ("Flores"), and Does 2-25.

2) Plaintiff initiated his action in the California Superior Court in and for the County of Fresno on March 20, 2009, Plaintiff requested leave to amend his original complaint on July 23, 2010, and filed the FAC on August 30, 2010 adding 42 U.S.C. § 1983 and California Elder Abuse causes of action.

3) Defendants removed Plaintiff's action to federal court on September 21, 2010 and filed a motion to dismiss the FAC on September 27, 2010.

4) Plaintiff's opposition to the motion to dismiss was filed on January 10, 2011 and Defendants' reply was filed on January 14, 2011.

5) The claims contained in the FAC allege three causes of action arising from Plaintiff's incarceration in the Fresno County Jail from March 18, 2008 through August 25, 2008: 1) Negligence against the County; 2) Violation of 42 U.S.C. § 1983 against all Defendants; and 3) California Elder Abuse against all Defendants.

6) The original complaint alleged only a negligence cause of action against the County for assigning Plaintiff to a top bunk bed without a ladder or other means to assist Plaintiff in climbing onto and off of the top bunk which allegedly on April 25, 2008 caused plaintiff to fall to the floor when descending from the top bunk and suffer injuries to his spine, back, and other parts of his body.

7) The FAC added allegations that Plaintiff was a 67-year-old, pre-trial detainee during his incarceration and that Defendants failed to ensure and provide emergency and basic health care services and adequate medical care after Plaintiff's fall, and the County failed to provide training and supervision regarding appropriate practices and procedures to provide adequate medical care; the FAC does not contain a claim of medical negligence.

8) The FAC asserts three distinct negligence claims: assignment of Plaintiff to a top bunk causing him to fall and injure his back; failure to ensure treatment from April 25,

2008 to April 30, 2008; and failure to provide proper follow-up therapy, diet, and treatment from May 2008 until his release on August 25, 2008.

9) Only the first negligence claim was alleged in the original Complaint; the second and third negligence claims were raised for the first time in the FAC and do not relate back to the original filing as they do not rest on the same set of facts alleged in the original complaint or the same instrumentality as the claims are based upon different acts and omissions, different injuries, and different duties.

10) There are no tolling provisions applicable to Plaintiff's state law claims as Ninth Circuit law holds that California Government Code § 352.1 does not apply to pre-trial detainees and subsection (b) states that it does not apply to causes of action against public entities or public employees for which a claim is required to be presented; equitable tolling is not available. *See, Jones v. Blanas,* 393 F.3d 918, 928-929 (9th Cir. 204), *Rose v. Hudson,* 153 Cal.App.4th 641, 656 (2007), and Cal. Gov't Code § 352.1.

11) The second negligence claim is time-barred as it is premised upon an alleged failure occurring between April 25, 2008 and April 30, 2008 and Plaintiff did not request leave to amend his complaint until July 23, 2010, months after the statute of limitations on the second negligence claim expired.

12) The third negligence claim for a lack of care from May 2008 to August 25, 2008 is likely time-barred, but the allegations in the FAC do not demonstrate when Plaintiff had cause to sue based upon knowledge or a reasonable suspicion of the alleged lack of care.

13) As the negligence claims are asserted only against the County, they must be grounded in statute. Plaintiff asserts alleged breaches of duties imposed by 15 Cal. Code Reg. §§ 1029, 1050(a), 1200, 1206, 1208, 1210, and 1217. Plaintiff has not pled facts asserting violation of sections 1029, 1050, 1206, or 1217 and thus these sections do not support claims of administrative regulatory violations. As to sections 1200 and 1208, the FAC does not provide factual details about Plaintiff's condition after his accident or his requests for medical attention and therefore there are insufficient facts to demonstrate that the County was aware of facts that would have triggered duties by these sections.

14) The second cause of action in the FAC is for an alleged violation of 42 U.S.C. § 1983. As stated above, California's tolling provision of Government Code § 352.1 does not apply to Plaintiff as a civil detainee. However, the Ninth Circuit permits civil detainees to benefit from equitable tolling where they are subject to the same obstacles of litigation as those of criminal inmates. *See, Jones v. Blanas,* 393 F.3d 918, 928-929 (9th Cir. 204). Thus, Plaintiff is entitled to equitable tolling of the statute of limitations on his Section 1983 claim for the time between the date his claim accrued and his release on August 25, 2008. Because Plaintiff filed his motion to amend on July 23, 2008 before the two-year statute of limitations of California Civil Code § 335.1 expired, Plaintiff's Section 1983 claim pursuant to his alleged status as a civil detainee is not time barred.

15) Plaintiff's Section 1983 claim is stated against the County, Flores as Doe 1, the Jail Administrator, and Does 2-25. He alleges that these defendants violated his rights under the United States Constitution by failing to provide adequate medical care to him after he injured his back and by the County not providing training and supervision regarding practices and procedures needed to provide medical attention to persons confined in the Fresno County Jail. As Plaintiff alleges he was a pretrial detainee, only the Fourteenth Amendment's Due Process Clause provides the proper framework for Plaintiff's medical needs claim. *See, e.g. Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003) and *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-1242 (9th Cir. 2010).

16) To base a Section 1983 claim on the failure of jail staff to address a detainee's medical needs, deliberate indifference must be demonstrated as mere negligence is not enough. *Clouthier,* 591 F.3d at 1242. To show liability on the part of an individual, Plaintiff must show that the correctional officer was not merely aware of the facts from which a substantial inference of the risk of serious harm could be drawn, but knew of and disregarded an excessive risk to the inmate's health and safety. *Lolli,* 351 F.3d at 419. To show liability by the County which cannot be liable on the basis of respondeat superior, Plaintiff must show that the constitutional deprivation was caused by an official municipal policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) and *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999).

17) The FAC does not contain facts to support a County policy regarding medical care for persons at the jail that amounts to deliberate indifference. In fact, the FAC is devoid of allegations regarding the County's inmate medical policy or its deficiencies. The allegations in the FAC contradict an alleged official policy of ignoring the medical needs of those confined to its jail: the jail employs a screening process whereby persons are interviewed regarding medical conditions; Plaintiff was assigned to a section of the jail reserved for prisoners with medical needs; and Plaintiff was taken to the hospital within five days of injuring himself. Thus, Plaintiff's Section 1983 claim against the County sounds in simple negligence and not deliberate indifference.

18) The FAC alleges that each of the Doe Defendants is negligently responsible in some manner for the occurrences, but Section 1983 liability cannot be based on mere negligence. Like the County, Flores, the Jail Administrator, cannot be held liable under Section 1983 for the actions of others under a respondeat superior theory. Plaintiff has not alleged facts demonstrating that any Defendant was aware of facts leading him/her to infer that Plaintiff faced a substantial risk of serious harm.

19) The third cause of action in the FAC is based upon a claim of Elder Abuse. The tort claim presented to the County pursuant to California Government Code § 905 does not fairly reflect the critical facts underlying Plaintiff's claim for elder abuse, that he suffered from mental or physical limitations that restricted his ability to carry out normal activities or protect his rights. Therefore, Plaintiff's elder abuse claim is likely barred by California Government Code §§ 945.4 and 950.2.

20) To allege an Elder Abuse claim not barred by the California Government Code Plaintiff would have to allege affirmative interference with Plaintiff's medical care outside the scope of the public employee's scope of employment. The FAC does not suggest that Plaintiff has such a claim.

21) It also does not appear that Plaintiff can establish the Elder Abuse statute applied to him or any defendant in the context of the correctional environment. Further, the acts upon which Plaintiff bases his Elder Abuse claim are the allegations of his second and third negligence claims and therefore the time bar issue also applies to Plaintiff's elder abuse claim.

THEREFORE, IT IS ORDERED, that:

1) Plaintiff's first and third negligence claims are dismissed without prejudice;

2) Plaintiff's second negligence claim, arising out of the alleged acts and omissions occurring between April 25, 2008 and April 30, 2008, is dismissed with prejudice;

3) Plaintiff's claims pursuant to 42 U.S.C. § 1983 are dismissed without prejudice;

4) Plaintiff's Elder Abuse claim is dismissed without prejudice;

5) Plaintiff shall have until fifteen (15) days from the filing of this order to file an amended complaint; and

6) Within twenty (20) days following receipt of the amended complaint, Defendant(s) shall file a response.

IT IS SO ORDERED.

Dated: **February 17, 2011**

**/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE