UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NORMAN L. PIMENTEL,**<br><br>           **Plaintiff,**<br><br>     **v.**<br><br>**COUNTY OF FRESNO, et al.,**<br><br>           **Defendants.** | **1:10-cv-01736-OWW-DLB**<br><br>**MEMORANDUM DECISION REGARDING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT (Doc. 29)** |

## I. INTRODUCTION.

Plaintiff Norman L. Pimentel ("Plaintiff") brings this action for damages against the County of Fresno and Jose Flores ("Defendants"). Plaintiff initiated this action in the California Superior Court, County of Fresno, on March 20, 2009. (See Doc. 8 at 20). Plaintiff filed a second amended complaint ("SAC") on March 24, 2011.

Defendants filed a motion to dismiss the SAC on March 24, 2011. (Doc. 29).

Plaintiff filed opposition to Defendants' motion on May 9, 2011. (Doc. 31).

## II. FACTUAL BACKGROUND.

From March 18, 2008 through August 25, 2008, Plaintiff was a 67 year-old inmate and pre-trial detainee in the Fresno County

**1**

Jail. As Plaintiff had previously been an inmate, the County of Fresno knew Plaintiff was suffering from pyschiatric and seizure disorders. Initially, Plaintiff was placed in an isolated, padded cell without furniture commonly known as a "rubber room." After about three days, Plaintiff was assigned Plaintiff to a cell with bunk beds that did not have any ladder or other device to assist Plaintiff in climbing onto or off of the top bunk.

On or about April 25, 2008, Plaintiff was trying to descend from the top bunk when he fell to the concrete floor where his L2 vertebrae was fractured; he was rendered momentarily unconscious. On April 30, 2008, Plaintiff was taken to the hospital. Surgery was performed on Plaintiff on May 1, 2008. Plaintiff requested medical care, physical therapy, and diet as prescribed by his physicians as necessary, but was denied such care.

### III. **LEGAL STANDARD**.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to

**2**

relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents

**3**

incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## IV. DISCUSSION.

### A. Section 1983 Claim

Count Four of the SAC purports to assert a section 1983 claim against the County based on failure to provide physical therapy, a special diet, and medications prescribed by Plaintiffs' physician after Plaintiff fractured his back. (SAC at 16). Plaintiff advances the conclusory allegation that the County failed to provide training and supervision regarding medical treatment of inmates and pre-trial detainees at the Jail, and that the County maintained a "longstanding official policy of classifying and assigning inmates with psychological or psychiatric disorders to cells with upper beds without ladders." (SAC at 17). The Memorandum Decision dismissing Plaintiff's first amended complaint provided the following analysis of its pleading deficiencies:

> The Ninth Circuit employs a four-step framework for resolving claims of deliberate indifference against a municipal entity. [*Mortimer v. Baca*, 594 F.3d 714, 717-18 (9th Cir. 2010)]. In order to prevail on a deliberate indifference claim against a municipality, a plaintiff must establish: (1) violation of a constitutional right; (2) the existence of a municipal policy; (3) that the risk of constitutional violations under the policy is so likely that the need for an improved policy is obvious; and (4) that the challenged policy caused the constitutional injury complained of. *See id.*
>
> The FAC does not contain sufficient facts to allege that the County's policy regarding medical care for persons at Fresno County Jail amounts to deliberate indifference. The FAC does not contain any factual allegations describing what the County's jail inmate medical policy is or why such policy is obviously deficient. Nor does the FAC allege that the County employs an official policy of ignoring the medical needs of persons confined at the Fresno County Jail. To the contrary, the FAC alleges

**4**

>that Fresno County Jail employs a screening process whereby persons are interviewed regarding medical conditions, that jail administrators assigned Plaintiff to a section of the jail reserved for prisoners with medical needs, and that Plaintiff was taken to the hospital within five days of injuring himself. These factual allegations contradict the FAC's conclusory allegation that the County of Fresno employs a policy that is deliberately indifferent to the medical needs of persons confined at the Fresno County Jail. As currently pled, Plaintiff's claim for inadequate medical treatment sounds in simple negligence, not deliberate indifference. Plaintiff's section 1983 claims against the County of Fresno is DISMISSED, without prejudice...
>
>The FAC alleges that "each of the [] Doe Defendants is negligently responsible in some manner for the occurrences herein alleged." (FAC at 1). Negligence is not a basis for section 1983 liability. With respect to Plaintiff's claim against the Fresno County Jail Administrator, a supervisor may not be held liable under section 1983 based on a respondeat superior theory. *E.g. Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992).
>
>The complaint is devoid of factual allegations regarding the circumstances surrounding Plaintiff's injury and his request for medical attention. In order to satisfy applicable pleading requirements, Plaintiff's allegations must demonstrate that Defendants were aware of facts that could lead them to infer that Plaintiff faced a substantial risk of serious harm.

(Doc. 21 at 9-11). The SAC does not remedy the pleading deficiencies identified in the Memorandum Decision. In fact, the SAC's section 1983 claim is less plausible than the claim asserted in the first amended complaint, as the SAC includes the new allegation that Plaintiff was taken to the "jail clinic" and given prescription pain medication shortly after he reported his fall. The SAC does not allege a longstanding policy or practice of deliberate indifference.

The SAC also includes a new allegation that the County maintains a practice of placing "Elder Adults" in isolation cells known as rubber rooms; this allegation is unrelated to the deliberate indifference claims previously advanced by Plaintiff

**5**

1  and, without more, fails to support a deliberate indifference claim
2  in any event.
3      The SAC fails to state any viable claim under section 1983
4  against the County.  Plaintiff's disagreement with the treatment he
5  was provided does not establish a constitutional violation.
6  Plaintiff's allegations establish, at most, a claim for negligence.
7  Plaintiff's section 1983 claim is DISMISSED, without prejudice.
8  Plaintiff will have one more opportunity to allege this claim.

**B. ADA Claim**

In order to state a claim under the ADA, Plaintiff must allege (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) the exclusion, denial of benefits, or discrimination occurred by reason of his disability. *E.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1021 (9th Cir. 2010). A plaintiff may establish that she was discriminated against "by reason of" her disability by establishing that her disability was a "motivating factor" in an official's decision to exclude the plaintiff from a service or program. *Id*. at 1022. Alternatively, a disabled person may carry her pleading burden by alleging facts which demonstrate that she was subjected to an undue burden because of a facially neutral law. *See McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life

activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).  "Major life activities means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 28 C.F.R. § 35.104. To determine whether an individual is considered disabled under the ADA, courts must determine whether an individual has a mental or physical impairment that substantially limits a major life activity. *See, e.g., Toyota Motor Manuf., Kentucky, Inc. v. Williams*, 534 U.S. 184, 195 (2002).

Plaintiff's conclusory allegation that he is disabled within the meaning of the ADA is insufficient.  The SAC does not allege facts sufficient to support a reasonable inference that Plaintiff has a mental or physical impairment that substantially limits a major life activity. As Plaintiff has not alleged facts sufficient to support an ADA claim, it is unnecessary to reach Defendant's statute of limitations defense at this time.  Tthe SAC's ADA claim is DISMISSED, without prejudice.  This is the last time Plaintiff shall be afforded leave to amend.

**C. State Law Claims**

   **1. Elder Abuse Claim**

The Memorandum Decision dismissing Plaintiff's elder abuse claim asserted in the first amended complaint provided the following analysis:

> Plaintiff alleges that, at all times relevant, he was a dependant adult within the meaning of California Welfare and Institutions Code section 15610.23.  As a threshold matter, the FAC fails to properly allege that Plaintiff was a "dependant adult" at the time he was housed at Fresno County Jail.  The FAC does not allege facts that Plaintiff had "physical or mental limitations that

**7**

restrict[ed] his...ability to carry out normal activities or to protect his...rights." Cal. Wel. & Inst. Code § 15610.23. The FAC alleges only that Plaintiff suffers from unspecified "psychiatric and seizure disorders," is a "patient of physicians," and has a prescription for anti-seizure medication. (FAC at 2).

Critically, the claim Plaintiff presented to the County of Fresno pursuant to California Government Code section 905 also did not allege that Plaintiff was a dependant adult at the time of his accident. The claim Plaintiff presented to the County of Fresno did not fairly reflect the critical fact underlying Plaintiff's claim for elder abuse: that Plaintiff suffered from physical or mental limitations that restricted his ability to carry out normal activities or to protect his rights. (See Doc. 5, Ex. B).

California Government Code section 905 requires the presentation of "all claims for money or damages against local public entities," subject to exceptions not relevant here. Cal. Gov. Code § 905. Claims for personal injury must be presented within six months after accrual. Cal. Gov. Code § 911.2.

Failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity. *E.g. City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (Cal. 2007); Cal. Gov. Code § 945.4. Section 945.4 provides, in pertinent part:
no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board

Cal. Gov. Code § 945.4. As the California Supreme Court has explained:

> section 945.4 requires each cause of action to be presented by a claim complying with section 910, while section 910, subdivision (c) requires the claimant to state the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted. If the claim is rejected and the plaintiff ultimately files a complaint against the public entity, the facts underlying each cause of action in the complaint must have been fairly reflected in a timely claim. Even if the claim were timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not

**8**

> fairly reflected in the written claim.
>
> *Stockett v. Ass'n. of Cal. Water Agencies Joint Powers Ins. Authority*, 34 Cal. 4th 441, 447 (Cal. 2004)(emphasis added).
>
> Plaintiff's elder abuse claim against the County of Fresno is likely barred by California Government Code section 945.4. Plaintiff's elder abuse claims against any employees of the county for acts or omissions made in the scope of their employment are similarly barred. Cal. Gov. Code 950.2 ("a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred").
>
> It is unclear if Plaintiff can allege an elder abuse claim, not barred by section 950.2, by alleging that a Defendant affirmatively interfered with Plaintiff's medical care while acting outside the scope of employment. The FAC does not suggest Plaintiff has such a claim. The legal viability of such a claim is doubtful, as it does not appear Plaintiff is able to establish the elder abuse statute applied to him or any defendant in the context of the correctional environment. This issue of time barr also remains.

(Doc. 21 at 18-20). Plaintiff has not attempted to remedy any of the deficiencies identified in the memorandum decision. It appears Plaintiff completely ignored the instructions provided in the memorandum decision. *Inter alia*, nothing in the SAC suggests that any Defendant acted outside the scope of their employment in interfering with Plaintiff's medical care. To the contrary, the SAC confirms that Defendants' conduct was carried out within the course and scope of each Defendants' employment with the County. Plaintiff's claim is bared by the California Tort Claims Act, as this claim was not presented in accordance with the provisions of California Government Code section 945.4. Plaintiff's elder abuse claim is DISMISSED, with prejudice.

///

///

### 2. Negligence Claims

Like the first amended complaint, the SAC asserts three distinct negligence claims. First, the SAC asserts that the County negligently failed to ensure that Plaintiff was assigned to a bottom bunk bed, causing him to fall from the top bunk and injure his spine on April 25, 2008 ("first negligence claim"). Second, the SAC asserts that Defendants negligently failed to ensure treatment of Plaintiff's injury from April 25, 2008 to April 30, 2008 ("second negligence claim"). Third, the SAC asserts that from May 2008 until his release on August 25, 2008, Defendants negligently failed to provide "proper follow up therapy, diet, and treatment as ordered by physicians after his surgery" ("third negligence claim"). Defendants correctly note that the second and third negligence claims are time barred.

The statute of limitations for a negligence action is two years. Cal. Code Civ. P. 335.1. The statute of limitations for a negligence action begins to run when a plaintiff has cause to sue based on knowledge or suspicion of negligence. *See, e.g., Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 803 (Cal. 2005) (citing *Bristol-Myers Squibb Co. v. Superior Court,* 32 Cal. App. 4th 959, 966 (Cal. Ct. App. 1995));[1] *accord E.g. E-Fab, Inc. v. Accountants, Inc. Services*, 153 Cal. App. 4th 1308, 1317 (Cal. Ct. App. 2007)("Generally speaking, a cause of action accrues at the time when the cause of action is complete with all of its

---

[1] *Fox* disapproved of *Bristol-Myers* to the extent it held that "'when a plaintiff has cause to sue based on knowledge or suspicion of negligence the statute starts to run as to *all* potential defendants,' regardless of whether those defendants are alleged as wrongdoers in a separate but related cause of action." 35 Cal. 4th at 803, 812 (emphasis in original).

**10**

elements.").

As noted in the Memorandum Decision, Plaintiff's second negligence claim is barred by the statute of limitations:

> The second negligence claim asserted in the FAC is premised on Defendants' alleged failed to provide treatment for Plaintiff's injury from April 25, 2008 to April 30, 2008. (FAC at 5). At the latest, the statute of limitations began to run on Plaintiff's second negligence claim on April 30, 2008 and expired on April 30, 2010. Plaintiff did not file his request for leave to amend his original complaint until July 23, 2010, almost three months after the statute of limitations on the second negligence claim expired. As the second negligence claim does not relate back to the original complaint, and because Plaintiff is not entitled to equitable tolling on his negligence claims against the County and its employees, the second negligence claim is time-barred. Plaintiff's second negligence claim arising out of alleged acts and omissions occurring between April 25, 2008 and April 30, 2008 is DISMISSED, WITH PREJUDICE.

(Doc. 21).

Plaintiff's third negligence claim is also time-barred. The Memorandum Decision provided, in pertinent part:

> The third negligence claim advanced in the FAC asserts that from May 2008 until his release on August 25, 2008, Defendants negligently failed to provide "proper follow up therapy, diet, and treatment as ordered by physicians after his surgery." (FAC at 6). This claim is likely time-barred, however, it is not clear from the face of the FAC when Plaintiff had cause to sue based on knowledge or reasonable suspicion of this alleged lack of care.

(Doc. 21). The SAC establishes that the statute of limitations on Plaintiff's third negligence claim began to run no later than June 4, 2008, the date on which Plaintiff submitted a claim to the County alleging that the Jail was failing to follow the directives of his neurosurgeon. (SAC at 6). The statute of limitations on this claim ran on June 4, 2010. Plaintiff's third negligence claim is DISMISSED WITH PREJUDICE.

**11**

Finally, to the extent Plaintiff seeks to assert a negligence claim based on his placement in a "rubber room" upon arrival at the Jail, this claim is time-barred, as it was not raised until the SAC was filed in 2011.

## **ORDER**

For the reasons stated, IT IS ORDERED:

1) Plaintiff's claims pursuant to 42 U.S.C. § 1983 are DISMISSED, without prejudice;

2) Each of Plaintiff's negligence claims, other than the negligence claim based on Plaintiff's assignment to a cell with a bunk bed, is DISMISSED WITH PREJUDICE;

3) Plaintiff's elder abuse claim is DISMISSED WITH PREJUDICE;

4) Plaintiff's ADA claim is DISMISSED, without prejudice;

5) Plaintiff shall file an amended complaint within 15 days of service of this decision. Defendants shall file responsive pleading within 15 days of service of an amended complaint; and

6) Defendants shall submit a form of order consistent with this Memorandum Decision within five days following electronic service of this decision.

IT IS SO ORDERED.

**Dated: May 26, 2011**                      **/s/ Oliver W. Wanger**
                                            UNITED STATES DISTRICT JUDGE