Carey H. Johnson, # 40879
Celene Boggs Resong, #172577
STAMMER, McKNIGHT, BARNUM & BAILEY LLP
2540 West Shaw Lane, Suite 110 (93711-2765)
Post Office Box 9789
Fresno, CA  93794-9789
(559) 449-0571

Attorneys for Defendants, COUNTY OF FRESNO and CAPTAIN JOSE FLORES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

*****

| | |
|---|---|
| NORMAN PIMENTEL,<br><br>   Plaintiff,<br><br>vs.<br><br>THE COUNTY OF FRESNO, and DOES 1 TO 50,<br><br>   Defendants. | Case No: 1:10-CV-01736-OWW-DLB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>DATE:   May 23, 2011<br>TIME:   10:00 a.m.<br>CTRM:   3<br><br>(Honorable Oliver W. Wanger) |

On Monday, May 23, 2011, before the Honorable Oliver W. Wanger in Courtroom 3 of the United States District Court for the Eastern District of California, the Motion to Dismiss Plaintiff's Second Amended Complaint of Defendants the COUNTY OF FRESNO and CAPTAIN JOSE FLORES was heard.  All parties appeared through counsel.  After argument on the issues in open court and review and consideration of all of the pleadings submitted by counsel:

THE COURT FINDS that:

   1)   Plaintiff NORMAN L. PIMENTEL ("Plaintiff") is bringing an action for damages against the COUNTY OF FRESNO ("County"), CAPTAIN JOSE FLORES ("Flores"), and Does 2-20.

PDF created with pdfFactory trial version www.pdffactory.com

2)   Plaintiff initiated his action in the California Superior Court in and for the County of Fresno on March 20, 2009, Plaintiff requested leave to amend his original complaint on July 23, 2010, and filed the First Amended Complaint ("FAC") on August 30, 2010 adding 42 U.S.C. § 1983 and California Elder Abuse causes of action as well as new negligence claims.

3)   Defendants removed Plaintiff's action to federal court on September 21, 2010 and filed a motion to dismiss the FAC; the motion to dismiss was granted.

4)   On March 4, 2011, Plaintiff filed a Second Amended Complaint ("SAC") restating the causes of action from the FAC and adding an ADA cause of action.  The SAC asserts causes of action labeled as follows:  Elder Abuse; Negligence and Negligence Per Se; Negligence and Negligence Per Se E.g., California Government Code §856(c)(2) Title 15 CCR §1208; Violation of *Monell:*  Longstanding Pattern and Practice; and Americans with Disabilities.  As before, the negligence causes of action contain (at least) three distinct claims: assignment of Plaintiff to a top bunk causing him to fall and injure his back; failure to ensure treatment from April 25, 2008 to April 30, 2008; and failure to provide proper follow-up therapy, diet, and treatment from May 2008 until his release on August 25, 2008.

5)   Defendants filed a motion to dismiss the SAC on March 24, 2011.

6)   Plaintiff's opposition to the motion to dismiss was filed on May 9, 2011 and Defendants' reply was filed on May 18, 2011.

7)   The Government Tort Claim submitted by Plaintiff was dated June 4, 2008 and included only claims regarding the assignment of Plaintiff to a top bunk without a ladder and for failure to follow the directives of Plaintiff's neurosurgeon upon his return from the hospital. After rejection of the claim, Plaintiff filed the original complaint alleging only a negligence cause of action against the County for assigning Plaintiff to a top bunk bed without a ladder or other means to assist Plaintiff in climbing onto and off of the top bunk which allegedly caused Plaintiff to fall to the floor when descending on April 25, 2008 and suffer injuries to his spine, back, and other parts of his body.

8)   The FAC had added allegations that Plaintiff was a 67-year-old, pre-trial detainee during his incarceration and that Defendants failed to ensure and provide emergency and basic health care services and adequate medical care after Plaintiff's fall, and the County

PDF created with pdfFactory trial version www.pdffactory.com

failed to provide training and supervision regarding appropriate practices and procedures to provide adequate medical care.

9) Among other allegations, the SAC adds allegations that: Plaintiff had previously been an inmate and the County knew he was suffering from psychiatric and seizure disorders; Plaintiff was allegedly placed in a "rubber room" for the first few days of his incarceration before being assigned to a top bunk without a ladder or other device to assist climbing on and off; following his fall and on April 25, 2008, Plaintiff was taken to the jail clinic where he was prescribed Vicodin and reassigned to a bed without an upper bunk; and Plaintiff submitted a claim on June 4, 2008 alleging his slip and fall from a top bunk and the failure to provide treatment requested by his physician.

10) Like the FAC, the SAC advances only conclusory allegations that the named Defendants failed to provide training and supervision regarding the medical treatment of inmates and pre-trial detainees and maintained a longstanding and official policy of classifying and assigning those with psychological or psychiatric disorders to upper beds without ladders. The deficiencies as to the Section 1983 claim in the FAC still exist in the SAC; in fact, the new allegations make the claim of deliberate indifference less plausible as the SAC adds that Plaintiff was taken to the jail clinic and given prescription pain medication on the day he reported his fall. The new claim of placing "Elder Adults" in rubber rooms is unrelated to the deliberate indifference claims previously advanced in the FAC and, without more, does not support a claim of deliberate indifference. Once again the Section 1983 claim does not rise above mere negligence. *See, Mortimer v. Baca,* 594 F.3d 714, 717-718 (9th Cir. 2010); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010). Section 1983 liability cannot be based upon a respondeat superior theory. *E.g. Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992).

11) Plaintiff's new ADA claim is not based upon facts sufficient to support that he is disabled within the meaning of the ADA or had a mental or physical impairment that substantially limited a major life activity. *See, e.g., Toyota Motor Manuf., Kentucky, Inc. v. Williams,* 534 U.S. 184, 195 (2002). Further, no allegations demonstrate exclusion from or denial of the benefit of a service, program, etc., by reason of a disability. *E.g., Simmons v. Navajo County, Arizona,* 609 F.3d 1011, 1021-1022 (9th Cir. 2010). Because the claim does not

PDF created with pdfFactory trial version www.pdffactory.com

allege sufficient facts to state an ADA claim, Defendants' statute of limitations defense is not addressed at this time.

12) Similar to the Section 1983 claim, Plaintiff's California Elder Abuse claim in the SAC does not remedy any of the deficiencies contained in the FAC. In particular, the SAC does not suggest that any Defendant acted outside of the scope of his/her employment in interfering with Plaintiff's medical care. *See,* California Government Code § 950.2. The SAC instead confirms that the acts of all Defendants were carried out in the course and scope of their employment. Further, the Elder Abuse claim is not fairly reflected in Plaintiff's tort claim; as it was not presented in accordance with California Government Code § 945.4, it is therefore barred. Because the Elder Abuse claim is barred on these grounds, Defendants' other immunity statutes, statute of limitations, and statutory application arguments do not need to be addressed.

13) Only the first negligence claim was alleged in the original Complaint; the second and third negligence claims do not relate back to the original filing as they do not rest on the same set of facts alleged in the original complaint or the same instrumentality as the claims are based upon different acts and omissions, different injuries, and different duties. The second negligence claim (the alleged failure to ensure treatment of Plaintiff's injury from April 25-April 30, 2008) was reasserted in the SAC although the claim had previously been dismissed with prejudice; this claim is barred by the statute of limitations.

14) The third negligence claim (the alleged negligent failure to provide proper follow up therapy, diet and treatment from May 2008 to Plaintiff's release on August 25, 2008) was previously dismissed without prejudice as it was unclear when the claim accrued. The allegations of the SAC make it clear that the statute of limitations on Plaintiff's third negligence claim began to run no later than June 4, 2008 when he submitted a tort claim alleging that the Jail was failing to follow the directives of his neurosurgeon. Plaintiff did not request leave to amend his complaint until July 23, 2010, after the statute of limitations on the third negligence claim expired. Therefore, the third negligence claim is also time-barred.

15) To the extent that Plaintiff is trying to state a fourth negligence claim based on his alleged placement in a "rubber room" upon his arrival at the County Jail, this claim was not alleged until 2011 and is time-barred.

- 4 –
Pimentel v. The County of Fresno, et al., Eastern Dist. of CA: # 1:10-CV-01736-OWW-DLB                    14-7597
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

PDF created with pdfFactory trial version www.pdffactory.com

16) Because the second and third negligence claims (and potentially a fourth claim) are mixed into the negligence claims stated in the SAC, the negligence causes of action will need to be amended to state only the first negligence claim (that Plaintiff was negligently assigned to a top bunk without a ladder). Because this claim will be amended, Defendants' immunity defenses and lack of statutory support claims as to the first negligence claim have not been addressed.

THEREFORE, IT IS ORDERED, that:

1) Other than Plaintiff's negligence claim based on Plaintiff's assignment to an upper bunk bed, each of Plaintiff's negligence claims is DISMISSED WITH PREJUDICE and is not to be included in any additional amended complaints;

2) Plaintiff's Elder Abuse claim is DISMISSED WITH PREJUDICE;

3) Plaintiff's claims pursuant to 42 U.S.C. § 1983 are dismissed without prejudice and Plaintiff shall have one more opportunity to allege a 42 U.S.C. § 1983 claim;

4) Plaintiff's ADA claim is dismissed without prejudice and Plaintiff shall have one more opportunity to allege an ADA claim;

5) Plaintiff shall have until fifteen (15) days from service of this Court's memorandum of decision to file an amended complaint; and

6) Within fifteen (15) days following service of an amended complaint, Defendant(s) shall file a responsive pleading.

DATED: June 8, 2011

/s/ OLIVER W. WANGER
United States District Judge

PDF created with pdfFactory trial version www.pdffactory.com