IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORMAN L. PIMENTEL, | ) | 1:10cv01736 LJO DLB |
| Plaintiff, | ) | |
| | ) | FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS FOURTH AMENDED COMPLAINT |
| vs. | ) | |
| | ) | (Document 53) |
| COUNTY OF FRESNO, et al., | ) | |
| Defendants. | ) | |

On November 16, 2011, Defendants County of Fresno ("County") and Captain Jose Flores ("Flores") (collectively "Defendants") filed the present motion to dismiss the Fourth Amended Complaint. The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for December 16, 2011.

**INTRODUCTION**

Plaintiff Norman Pimentel ("Plaintiff") initiated this action in the California Superior Court, County of Fresno on March 20, 2009. Defendants removed the action to this Court on September 21, 2010. Plaintiff filed a fourth amended complaint ("FAC") on October 19, 2011.

Defendants filed the instant motion to dismiss the FAC on November 15, 2011. Plaintiff did not file an opposition to the motion.

1

# FACTUAL BACKGROUND[1]

From March 8, 2008 through August 25, 2008, Plaintiff was a 67-year-old pre-trial detainee in the Fresno County Jail. As Plaintiff previously had been incarcerated, the County knew he suffered from psychiatric and seizure disorders. When brought to the jail, Plaintiff was placed in an isolated, padded cell with no bed or other furniture, commonly known as a "rubber room." After about three days, Plaintiff was assigned to a cell with bunk beds that lacked a ladder or other device to climb up or down from the upper bunk.

On April 25, 2008, Plaintiff was descending from the top bunk and fell to the concrete floor. He was momentarily unconscious and suffered several injuries, including an acute angulated fracture of the fifth sacral vertebra and a fracture of the second lumbar vertebra. Immediately after the fall, jail guards came to his cell and found Plaintiff on the concrete floor. Plaintiff informed the guards that he had fallen from the top bunk and was in extreme pain. The guards placed Plaintiff in a wheelchair and transported him to a court appearance. After the court appearance, the guards returned Plaintiff to his cell. Thereafter, Plaintiff was taken to the jail clinic. He was prescribed Vicodin and sent to a bed without an upper bunk.

On April 30, 2008, Plaintiff was taken to the emergency room at Community Regional Medical Center. Plaintiff underwent surgery on May 1, 2008, to remove discs and fuse vertebrae.

Plaintiff asserts three causes of action: (1) a *Monell* claim; (2) a deliberate indifference claim against the jail guards, Defendant Does 2, 3, 4 and 5; and (3) an Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* claim.

# DISCUSSION

I.  **Legal Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pleading in

---

[1] The factual background is derived from the allegations of Plaintiff's fourth amended complaint.

the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The federal system is one of notice pleading. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Analysis

### A.  *Monell* claim

Defendants argue that Plaintiff fails to state a *Monell* claim against the County of Fresno. Pursuant to *Monell v. Department of Social Serv. of New York*, 436 U.S. 658, 694 (1978), a local government unit cannot be liable for a constitutional violation on the basis of *respondeat superior*. Rather, a government unit may be sued under 42 U.S.C. § 1983 only for constitutional violations that are the result of official policy, practice or custom. *Id.* at 691. A negligent policy is not enough; it must amount to deliberate indifference. *See Mortimer v. Baca*, 594 F.3d 714, 722-23 (9th Cir. 2010).

As the Court previously explained to Plaintiff, to prevail on a deliberate indifference claim against a municipal entity, a plaintiff must establish: (1) violation of a constitutional right; (2) the existence of a municipal policy; (3) that the risk of constitutional violations under the policy is so likely that the need for an improved policy is obvious; and (4) that the challenged policy caused the constitutional injury of which plaintiff complains. *Id.* at 717–718.

In its memorandum decision dismissing the third amended complaint ("TAC"), the Court found that Plaintiff's *Monell* claim did not allege sufficient facts "to give rise to a plausible inference

3

that the County's policies [were] deliberately indifferent to the risks posed to certain inmates by cells with upper bunks. . . ." Doc. 43 at 6.  As with the allegations of the TAC, the FAC establishes that the County operates medical care housing as required by California Code of Regulations Title 24, along with "rubber rooms" for inmates with psychiatric disabilities. FAC ¶¶ 8, 13. The FAC also establishes that the County has policies and procedures in place for addressing the medical needs of inmates/detainees with psychiatric disabilities and/or physical conditions which might make access to the upper bunks difficult.  FAC ¶¶ 8-10.

In granting Plaintiff leave to file a fourth amended complaint, the Court explained that the TAC did not allege "that other detainees subject to similar risk of injury were improperly assigned to cells with bunk-beds or that the County [was] aware of recurring injuries caused to such detainees by assignment to cells with bunk-beds." Doc. 43, p. 7.   Plaintiff attempts to remedy these identified deficiencies by alleging that the County "employed a housing policy at the jail that continuously imposed risk of harm to vulnerable inmates such as plaintiff by improperly assigning them to bunk bed cells" and that "enough of these vulnerable inmates . . . were being injured because of the longstanding custom and practice . . . such that it was obvious that the policy and custom needed to be changed to prevent further risk of injury . . . to these vulnerable persons who are aged, physically or psychologically infirm, or on medications." FAC ¶ 23.   These allegations are mere restatements of the missing elements identified by the Court and are insufficient to cure the factual deficiencies. A complaint does not suffice if it "tenders 'naked assertion[s]' devoid of "'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949.   Plaintiff's FAC fails to provide specific factual allegations to support his conclusion that other "vulnerable" inmates were assigned to upper bunks as part of a custom or policy.  Plaintiff also fails to provide specific factual allegations to support his conclusions that "vulnerable" inmates suffered any falls due to upper bunk assignments or that the County was aware of recurring injuries caused by assignments to bunk bed cells.

Moreover, Plaintiff acknowledges that in prior incarcerations, doctors, nurses and other health care providers specifically ordered that he have a lower bunk. FAC ¶ 23.  In other words, the allegations of the FAC concern a one-time occurrence.  Allegations of a single instance of

4

1  misconduct are insufficient to establish a municipal custom. *See, e.g.,* Navarro v. Block, 72 F.3d 712, 714 (9th Cir.1996) (random acts or isolated events are insufficient to establish custom); *see also* Merritt v. County of Los Angeles, 875 F.2d 765, 770 (9th Cir.1989)(proof of single incident insufficient for imposing liability); Oklahoma City v. Tuttle, 471 U.S. 808, 823–824 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.").

Despite multiple opportunities to state a cognizable *Monell* claim, Plaintiff has failed to do so.[2] Accordingly, the Court recommends that Plaintiff not be given further opportunity to amend the *Monell* claim against the County and that this claim be dismissed with prejudice.

B.   Americans with Disabilities Act ("ADA") Claim

Defendants contend that Plaintiff fails to state a claim under the ADA. In order to state an ADA claim, a plaintiff must allege that: (1) he is an individual with a disability, (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability. O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1060 (9th Cir.2007).

The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities means "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 28 C.F.R. § 35.104. To ascertain whether an individual is considered disabled under the ADA, a court must determine whether an individual has a mental or physical impairment that substantially limits a major life activity. *See, e.g., Bragdon v. Abbott*, 524

---

[2] In the Court's memorandum decision dated September 19, 2011, Plaintiff was informed that he would have "one more opportunity to amend . . . to state a cognizable Monell claim." Doc. 43 at 7.

5

U.S. 624, 632 (1998).

The memorandum decision dismissing Plaintiff's TAC provided the following analysis of Plaintiff's ADA claim:

> Although the TAC alleges that Plaintiff was found to be disabled by the Social Security Administration in 2003, there are no allegations concerning the nature or extent of Plaintiff's disability. The only detail provided in the TAC concerning Plaintiff's disability is that it concerns "mental conditions." The vague description provided in the TAC does not permit reasoned analysis of Plaintiff's ADA claim. Absent information describing Plaintiff's disability and its effect on his life activities, it cannot be determined whether failure to assign Plaintiff to a cell without bunk beds was tantamount to a denial of reasonable accommodation under the ADA. Nor is it possible to determine whether Plaintiff, because of his disability, was subjected to an undue burden by the County's policies. There is no discernible nexus between Plaintiff's "mental conditions" and the accommodation Plaintiff alleges he was denied.

Doc. 43 at 11.

The FAC does not remedy the deficiencies identified by the Court. Plaintiff continues to allege "mental conditions" without sufficient detail. FAC ¶ 45. Although Plaintiff adds that his "mental conditions have continuously limited and impaired one or more of his major life activities," he does not identify those activities. FAC ¶ 45. Plaintiff's allegation that he was placed in a rubber room because he was unable to interact appropriately with others for about three days also does not permit a reasoned analysis of Plaintiff's ADA claim. FAC ¶¶ 11, 45. Absent a specific description of Plaintiff's "mental conditions" and their effect on his life activities, it cannot be determined whether removal from the rubber room and assignment to a cell with bunk-beds was a violation of the ADA.

Plaintiff fails to state a cognizable ADA claim. Therefore, the Court finds it unnecessary to reach Defendants' remaining arguments and defenses, including that the ADA claim is time-barred. As Plaintiff has been provided multiple opportunities to amend his ADA claim without success, the Court recommends that the claim be dismissed with prejudice for failure to state a claim.

### **RECOMMENDATION**

Based on the above, the Court HEREBY RECOMMENDS as follows:

1.  Plaintiff's *Monell* claim against the County be DISMISSED with prejudice;

1       2.      Plaintiff's ADA claim be DISMISSED with prejudice; and

2       3.      Judgment be entered in favor of Defendants County and Flores.[3]

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631(b)(1) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **fourteen (14) days** after being served with a copy, any party may serve and file with the court written objections to such proposed findings and recommendations. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 3, 2012**                    **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] A deliberate indifference claim against the jail guards, Defendant Does 2, 3, 4 and 5, is the only remaining cause of action. Plaintiff has not named or served these defendants.

7