IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

NORMAN L. PIMENTEL,                     )

      Plaintiff,                              )    1:10cv01736 LJO DLB

                               )    FINDINGS AND RECOMMENDATION

                               )    REGARDING DEFENDANT'S MOTION

      vs.                                     )    TO DISMISS FOURTH AMENDED

                               )    COMPLAINT

                               )    (Document 53)

COUNTY OF FRESNO, et al.,                )

                               )

      Defendants.                             )

_____ )

On October 11, 2012, Defendant Alfredo Ruvalcaba, M.D. ("Dr. Ruvalcaba"), filed the present motion to dismiss the second cause of action in the Fourth Amended Complaint. The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff Norman L. Pimentel failed to file any opposition to the motion and was not entitled to be heard in opposition at oral argument. Local Rule 230(c). Accordingly, the Court deemed the matter suitable for decision without oral argument and vacated the hearing scheduled for November 16, 2012. Local Rule 230(g).

## INTRODUCTION

Plaintiff's claim arises from a fall that he allegedly suffered on April 25, 2008, while a pretrial detainee in the Fresno County Jail. Plaintiff asserts that he was injured after falling from the top bunk in his cell.

1

1

**PROCEDURAL BACKGROUND**

2

    A.    First Amended Complaint

3

    Plaintiff filed his original complaint on March 20, 2009, in Fresno County Superior Court.

4

Plaintiff filed a first amended complaint ("FAC") on August 30, 2010, and asserted causes of action

5

for breach of mandatory and statutory duties (negligence and negligence per se), violation of 42

6

U.S.C. § 1983 against Doe Defendants, violation of 42 U.S.C.§ 1983 against the County of Fresno

7

("*Monell* claim") and elder abuse.

8

    Defendants County of Fresno and Captain Jose Flores removed the action to this Court on

9

September 21, 2010.  Defendants filed a motion to dismiss the FAC on September 27, 2010.  The

10

Court granted the motion to dismiss with leave to amend all causes of action, except for a "second

11

negligence claim" arising out of an alleged failure to provide treatment from April 25, 2008, to April

12

30, 2008.  The Court dismissed with prejudice this "second negligence claim" as time-barred.  Doc.

13

25.

14

    B.    Second Amended Complaint

15

    Plaintiff filed a second amended complaint ("SAC") on March 4, 2011.  The SAC named the

16

County of Fresno, Captain Jose Flores, Does 2, 3, 4, and 5 described as corrections officers in the

17

jail, Doe 6 described as the "attending physician/health authority in the jail system" and Does 7 to

18

20.  The FAC asserted the following causes of action: (1) elder abuse against all Defendants; (2)

19

negligence and negligence per se against the County of Fresno; (3) negligence and negligence per se,

20

e.g., California Government Code § 856(c)(2) Title 15 CCR § 1208 against Defendant Flores and

21

Defendant Doe 6 health administrator; (4) a 42 U.S.C. § 1983 claim; and (5) violation of the

22

Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

23

    As with the first amended complaint, the SAC asserted three distinct negligence claims: (1)

24

negligent failure to ensure that Plaintiff was assigned to a bottom bunk bed; (2) negligent failure to

25

ensure treatment of Plaintiff's injury from April 25, 2008 to April 30, 2008; and (3) negligent failure

26

to provide therapy, diet and treatment after surgery from May 2008 until his release on August 25,

27

2008.

28

1    Defendants filed a motion to dismiss the SAC on March 24, 2011.  The Court granted the

2  motion, dismissing Plaintiff's negligence claims with prejudice, other than the claim based on

3  Plaintiff's assignment to a cell with a bunk bed.  The Court also dismissed Plaintiff's elder abuse

4  claim with prejudice and dismissed Plaintiff's section 1983 claims and ADA claim without

5  prejudice.  The Court granted Plaintiff one more opportunity to allege a 42 U.S.C. § 1983 claim and

6  one more opportunity to allege an ADA claim.  Doc. 37.

7    C.    Third Amended Complaint

8    On June 23, 2011, Plaintiff filed his third amended complaint ("TAC").  The TAC named the

9  County of Fresno, Captain Jose Flores, Does 2, 3, 4, and 5 described as corrections officers/guards in

10  the jail, Defendant Doe 6 identified as "Dr. Alfredo Rubalcaba, M.D." or "health authority," and

11  Does 7 to 20.  The TAC asserted the following claims: (1) breach of duties against the County of

12  Fresno, Captain Jose Flores, "Defendant Schwabanland" and the "health authority"; (2) a *Monell*

13  claim against the County of Fresno; (3) a section 1983 claim against Defendant Guards Does 2, 3, 4,

14  and 5; and (4) an ADA claim.

15    Defendants filed a motion to dismiss the TAC on July 8, 2011.  The Court granted the

16  motion, dismissing without prejudice the section 1983 *Monell* claim against the County of Fresno

17  and the ADA claim and dismissing with prejudice Plaintiff's breach of duty claims.  The Court also

18  noted that the cause of action alleging a section 1983 violation by the unnamed Doe Defendants

19  survived the motion to dismiss.  Doc. 45.

20    D.    Fourth Amended Complaint

21    On October 19, 2011, Plaintiff filed his Fourth Amended Complaint.  The Fourth Amended

22  Complaint named the County of Fresno, Captain Jose Flores, Does 2, 3, 4, and 5 described as

23  corrections officers/guards in the jail, Doe 6 identified as "Dr. Alfredo Rubalcaba, M.D." or "health

24  authority," and Does 7 to 20.  The Fourth Amended Complaint included three causes of action:  (1) a

25  *Monell* claim against the County of Fresno; (2) a section 1983 claim against the jail guards,

26  Defendant Does 2, 3, 4 and 5; and (3) an ADA claim against the County of Fresno.

27    Defendants County of Fresno and Captain Jose Flores filed a motion to dismiss.  The Court

28                                                    3

1   granted the motion, dismissing Plaintiff's *Monell* claim against the County of Fresno and Plaintiff's

2   ADA claim with prejudice.  Doc. 60.  The Court's decision did not address the section 1983 claim

3   against the jail guards, Doe Defendants 2, 3, 4 and 5.

4          On January 26, 2012, the Court ordered Plaintiff to show cause why the action should not be

5   dismissed for failure to discover the identity of the alleged Doe Defendants and for failure to

6   prosecute this action.  Plaintiff responded to the Court's order, indicating that the deadline to

7   complete all discovery was May 23, 2012.  Accordingly, the Court continued the show cause order

8   and directed Plaintiff to file a written status report on May 24, 2012.  Although Plaintiff did not file a

9   written status report, he filed notices purporting to substitute Guillermo Cortes and Dr. Ruvalcaba as

10  Doe Defendants.  The Court discharged the show cause order on May 30, 2012, and instructed

11  Plaintiff to serve the substituted Doe Defendants within forty-five (45) days.  Following a scheduling

12  conference, the Court extended the deadline for Plaintiff to serve the Doe Defendants.  On

13  September 24, 2012, Plaintiff served Guillermo Cortes as "Doe 1" and Dr. Ruvalcaba as "Doe 2."

14         On October 11, 2012, Dr. Ruvalcaba filed the present motion to dismiss.  In the moving

15  papers, counsel for Dr. Ruvalcaba explains that the parties have agreed to name Guillermo Cortes as

16  one of the four fictitiously named defendants remaining in this action.[1]  However, while Plaintiff's

17  counsel has agreed it was error to serve Dr. Ruvalcaba as "Doe 2," Plaintiff's counsel had not agreed

18  to dismiss Dr. Ruvalcaba from this case.  Plaintiff's counsel reportedly believes that Plaintiff has a

19  viable section 1983 claim against Dr. Ruvalcaba.  Dr. Ruvalcaba now seeks dismissal.

20                                    **DISCUSSION**

21  **I.      Legal Standard**

22         "The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  *Schneider v. California*

23  *Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for

24  failure to state a claim, the court must accept as true the allegations of the complaint in question,

25  *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pleading in

---

26

27         [1]On October 15, 2012, Defendant Guillermo Cortes filed his answer to the Fourth Amended Complaint.  Doc. 78.

28                                         4

1   the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's

2   favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The federal system is one of notice

3   pleading.  *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

4   **II.      Analysis**

5        Defendant Dr. Ruvalcaba argues that Plaintiff's claims against him are time barred.  The

6   Court finds it unnecessary to reach this issue.  As a practical matter, there is no reason to substitute

7   Dr. Ruvalcaba as "Doe 2" because the Fourth Amended Complaint already identifies "Dr. Alfredo

8   Rubalcaba, M.D." as "Defendant Doe 6."  Doc. 47, ¶ 6.

9        As a substantive matter, there is no reason to substitute Dr. Ruvalcaba as "Doe 2" because

10  there is no claim asserted against him in the operative version of the complaint.  Pursuant to the

11  Court's order of dismissal, the Fourth Amended Complaint contains only one cause of action; that is,

12  a section 1983 claim against "Defendant Guards Does 2, 3, 4, and 5."  Doc. 47, ¶ 36; *see also* Docs.

13  57 and 60.  Dr. Ruvalcaba is not a jail guard or correctional officer.  Indeed, the complaint describes

14  Dr. Ruvalcaba as "an employee or independent contractor of the County serving as the attending

15  physician/health authority in the jail."  Doc. 47, ¶ 6.

16       Plaintiff does not state a claim against Dr. Ruvalcaba.  The Ninth Circuit has held that "[a]

17  person 'subjects' another to the deprivation of a constitutional right, within the meaning of section

18  1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an

19  act which he is legally required to do that causes the deprivation of which complaint is made."

20  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Thus, the requisite causal connection can be

21  established not only by some kind of direct personal participation, but also by setting in motion a

22  series of acts by another which the actor knows or reasonably should know would cause others to

23  inflict the constitutional injury.  *Id.*  Plaintiff's remaining cause of action does not include any

24  allegations that involve Dr. Ruvalcaba or otherwise link him to the alleged conduct of the jail guards.

25                                 **RECOMMENDATION**

26       Based on the above, the Court HEREBY RECOMMENDS as follows:

27       1.      Defendant's motion to dismiss be GRANTED; and

28                                          5

2.        Defendant Dr. Ruvalcaba be DISMISSED from this action based on Plaintiff's failure to state any claims against him.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631(b)(1) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **fourteen (14) days** after being served with a copy, any party may serve and file with the court written objections to such proposed findings and recommendations. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __November 15, 2012__                 _____/s/ **Dennis L. Beck**_____
                                                                UNITED STATES MAGISTRATE JUDGE

6