1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| NORMAN L. PIMENTEL, | Case No.  1:10-cv-01736-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| COUNTY OF FRESNO, et al., | ECF NO. 89 |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

17

18    On November 12, 2013, Defendant Guillermo Cortes ("Defendant") filed a motion for

19  summary judgment in this action.  (ECF No. 89.)  The motion was referred to the undersigned

20  magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and

21  Federal Rule of Civil Procedure 72.  (ECF No. 90.)

22    The hearing on Defendant's motion took place on December 18, 2013.  For the reasons

23  set forth below, the Court recommends that Defendant's motion for summary judgment be

24  granted.

25                                        I.

26                                  BACKGROUND

27    The operative pleading in this matter is the Fourth Amended Complaint filed on October

28  19, 2011.  (ECF No. 47.)  The Fourth Amended Complaint raised causes of action against

1

Defendants County of Fresno, Jose Flores, Dr. Alfredo Ruvalcaba, and other Doe defendants. Plaintiff alleged that the defendants violated Plaintiff's constitutional rights by providing insufficient medical care while Plaintiff was housed in jail.  However, following two motions to dismiss, the only claim that survived is Plaintiff's deliberate indifference claims against Defendant Guillermo Cortes, who was identified as one of the Doe defendants.  (See ECF Nos. 57, 60, 81, 82.)

Plaintiff alleges that he was housed in jail as a pre-trial inmate from March 8, 2008 to August 25, 2008.  During that time, he was housed in a "rubber room" with no bed or furniture. Plaintiff alleges that he was disabled and jail staff knew or should have known that Plaintiff needed to be assigned to a cell with a lower bunk bed.

On August 25, 2008, Plaintiff was assigned to a cell with an upper bunk.  When Plaintiff attempted to descend from his upper bunk, he fell and was momentarily unconscious.  After the fall, jail guards, including Defendant, found Plaintiff.  Defendant and the other guards dragged Plaintiff from the floor, forced him into a wheelchair and transported Plaintiff to court for an appearance.  During this time, Plaintiff plead for immediate emergency medical assistance and stated that he was in extreme pain.

Five days later, Plaintiff was taken to the emergency room at Community Regional Medical Center.  Plaintiff received a CT Scan and spinal surgery was performed the next day.

**II.**

**LEGAL STANDARDS FOR MOTIONS FOR SUMMARY JUDGMENT**

Under Federal Rule of Civil Procedure 56, "[a] party may move for summary judgment ... if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case..."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories,

/ / /

1  and admissions on file, together with the affidavits, if any,' which it believes demonstrate the

2  absence of a genuine issue of material fact." Id.

3  ### III.

4  ### DISCUSSION

5      Defendant argues that there is no evidence that he denied, delayed or interfered with

6  Plaintiff's medical treatment.   Defendant contends that Plaintiff cannot make a showing

7  sufficient to establish the existence of an essential element of his Eighth Amendment claim

8  against Defendant.

9      The Eighth Amendment of the United States Constitution prohibits cruel and unusual

10  punishments.    To constitute cruel and unusual punishment in violation of the Eighth

11  Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."

12  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).   "[A] prison official violates the Eighth

13  Amendment only when two requirements are met.   First, the deprivation alleged must be,

14  objectively, 'sufficiently serious.'"    Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations

15  omitted).    Second, "a prison official must have a 'sufficiently culpable state of mind.'

16  [Citations.]  In prison-conditions cases that state of mind is one of 'deliberate indifference' to

17  inmate health or safety." Id.  A prison official acts with "deliberate indifference" if:

18
19  > the official knows of and disregards an excessive risk to inmate
   > health or safety; the official must both be aware of facts from
   > which the inference could be drawn that a substantial risk of
   > serious harm exists, and he must also draw the inference.
20

21  Id. at 837.

22      In the context of Eighth Amendment claims based on medical treatment, a plaintiff must

23  allege "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need

24  and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

25      Defendant argues that Plaintiff cannot prove that Defendant acted with deliberate

26  indifference because Defendant was not a medical professional and Plaintiff was seen by a

27  doctor (Dr. Alfredo Ruvalcaba) within fifteen minutes.  Further, Defendant argues that he did not

28  disobey or interfere with the treatment provided by Dr. Ruvalcaba.  Defendant contends that it

1    did not constitute deliberate indifference to deny Plaintiff's request for additional or different

2    treatment beyond what was provided by Dr. Ruvalcaba because Defendant could assume that

3    Plaintiff was in capable hands with the doctor.

4            As an initial matter, the Court notes that the evidence submitted by Plaintiff does not

5    contain any reference to being seen by Dr. Ruvalcaba after Plaintiff fell and before Plaintiff was

6    transported to his court hearing.   Plaintiff's declaration states that Defendant responded to

7    Plaintiff's fall within fifteen minutes, dragged Plaintiff out of the cell, tossed into a wheelchair

8    and taken to court.  (Decl. of Pl. Normal Pimentel Opposing Def.'s Mot. for Summ. J. ("Pimentel

9    Decl.") 2:12-3:10.)  Plaintiff contends that he was examined by Dr. Ruvalcaba after the court

10   hearing.  (Pimentel Decl. 3:17-21.)

11           On the other hand, Defendant's evidence suggests that Dr. Ruvalcaba saw Plaintiff before

12   the court hearing.  Defendant's declaration states that Dr. Ruvalcaba arrived at the scene at the

13   same time the wheelchair arrived.   (Decl. of Guillermo Cortes in Supp. of Mot. by Def.

14   Guillermo Cortes for Summ. J. ("Cortes Decl.") ¶ 3.)  Plaintiff and Dr. Ruvalcaba then left for

15   the infirmary.  (Id.)  Dr. Ruvalcaba's declaration corroborates Defendant's account of the events.

16   (Decl. of Alfredo Ruvalcaba, M.D. in Supp. of Mot. by Def. Guillermo Cortes for Summ.

17   ("Ruvalcaba Decl.") J. ¶ 2.)

18           Although Plaintiff's declaration does not mention being seen by Dr. Ruvalcaba prior to

19   his court hearing, Plaintiff's declaration does not deny that he was seen by Dr. Ruvalcaba prior to

20   the court hearing.  Plaintiff has not presented any evidence disputing Defendant's evidence that

21   Plaintiff was seen by the doctor around fifteen minutes after the fall and prior to his court

22   hearing.  Failing to mention whether Dr. Ruvalcaba was present soon after the fall is not the

23   same as denying his presence.  Moreover, the treatment notes from Dr. Ruvalcaba attached as

24   exhibits to Plaintiff's declaration corroborate Defendant's version of the events, as they show

25   that Dr. Ruvalcaba saw Plaintiff soon after his fall from his bunk.  (See Pimentel Decl. Ex. 3.)

26   Accordingly, the Court deems this fact to be undisputed.

27           Plaintiff contends that Defendant should have left Plaintiff on the floor until medical

28   personnel arrived to evaluate Plaintiff.   Plaintiff also contends that Defendant should have

1   immobilized Plaintiff's back by placing him on a backboard, instead of summoning a

2   wheelchair.  Further, Plaintiff contends that Defendant should have known that Plaintiff needed

3   immediate care and transportation to the emergency room at a hospital and was deliberately

4   indifferent by failing to grant Plaintiff's requests for such care.  Finally, Plaintiff contends that

5   Defendant was deliberately indifferent by dragging Plaintiff from his cell and tossing Plaintiff

6   into a wheelchair "like a sack of potatoes."

7          With respect to Plaintiff's contention that Defendant should have left Plaintiff on the

8   floor, utilized a backboard and transported Plaintiff to the emergency room at the hospital,

9   Plaintiff's claim fail under both the objective prong and the subjective prong for Eighth

10  Amendment claims.  Plaintiff has not presented any evidence that he suffered substantial harm

11  due to Defendant's failure to evaluate Plaintiff while he was on the ground, failure to use a

12  backboard or failure to transport Plaintiff to the emergency room.  There is no evidence that

13  Plaintiff's injury worsened or that Plaintiff suffered unnecessary pain due to these actions.

14         Further, Plaintiff has not presented any evidence supporting the subjective prong, i.e.,

15  evidence that Defendant actually knew of a substantial risk of harm to Plaintiff associated with

16  not leaving him on the floor, not using a backboard or not sending Plaintiff to the emergency

17  room.  The Court notes that Dr. Ruvalcaba's declaration states that, based upon his evaluation of

18  Plaintiff while Plaintiff was lying on the ground, "it was safe to move Mr. Pimentel into a

19  wheelchair." (Ruvalcaba Decl. ¶ 2.)  Plaintiff has not introduced any evidence that this decision

20  was medically unacceptable.  Plaintiff has not introduced any evidence from a medical expert

21  offering an opinion as to what is and what is not medically acceptable in terms of treatment of an

22  individual in Plaintiff's condition.  Accordingly, there is no evidence that Defendant's actions

23  were deliberately indifferent.

24         Moreover, Plaintiff has not presented any evidence that supports the conclusion that

25  Defendant acted with deliberate indifference, particularly in light of the fact that Defendant is not

26  a medical professional and Dr. Ruvalcaba did not recommend the treatment requested by

27  Plaintiff.  Plaintiff has not presented evidence suggesting that it was unreasonable or deliberately

28  indifferent for Defendant to rely on the care recommended by Dr. Ruvalcaba.  See Spruill v.

1  <u>Gillis</u>, 372 F.3d 218, 236 (3rd Cir. 2004) ("...absent a reason to believe ... that prison doctors ...

2  are mistreating ... a prisoner, a non-medical prison official ... will not be chargeable with the

3  Eighth Amendment scienter requirement of deliberate indifference."); <u>Jennings v. Moreland</u>, No.

4  2:08-cv-1305 LKK CKD, 2013 WL 453280, at *7 (E.D. Cal. Feb. 6, 2013).

5       At the hearing, Plaintiff argued that correctional officers, in general, receive training as to

6  the proper course of treatment for back injuries.  Plaintiff has not cited any evidence whatsoever

7  that shows that correctional officers receive such training or that such training recommended a

8  course of treatment different from what Defendant provided.  Plaintiff also suggested that it was

9  common knowledge that Defendant should have left Plaintiff on the ground and used a

10  backboard instead of a wheelchair.   Speculation and unsupported claims of "common

11  knowledge" are not sufficient to create a genuine issue of disputed fact.  <u>Thornhill Pub. Co., Inc.

12  v. General Tel. & Electronics Corp.</u>, 594 F.2d 730, 738 (9th Cir. 1979).

13       With respect to Plaintiff's allegations regarding Defendant's actions in dragging Plaintiff

14  from his cell, the Court notes that the dragging incident cannot support an Eighth Amendment

15  claim because Plaintiff has not alleged that he suffered any serious pain or injury as a result.  In

16  fact, Plaintiff's declaration states that being dragged from his cell actually alleviated Plaintiff's

17  pain.  (Pimentel Decl. 2:28-3:1 ("In a strange way, dragging me thusly alleviated much of the

18  pain.").  Accordingly, even if Defendant acted with a deliberately indifferent state of mind when

19  dragging Plaintiff from his cell, Plaintiff's declaration shows that the objective element of an

20  Eighth Amendment violation, sufficiently serious harm, has not been met.

21       Finally, Plaintiff alleges that Defendant tossed Plaintiff into a wheelchair "like a sack of

22  potatoes."  Plaintiff alleges that after being tossed into the wheelchair, "one again; though much

23  less, the pain returned causing [Plaintiff] to again exclaim that [he] needed an ambulance and to

24  be taken to the hospital."  (Pimentel Decl. 3:2-4.)  There is no evidence that this rough handling

25  rose to the level of an Eighth Amendment violation.  <u>See</u> <u>Hart v. Celaya</u>, 548 F. Supp. 2d 789,

26  804 (N.D. Cal. 2008).  There is no evidence that the amount of force used was more than <u>de

27  minimis</u>:

28  / / /

> The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.  [Citation.] An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.

Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (internal quotations and citations omitted).  Here, Plaintiff's declaration describes a de minimis quantum of force, and not "of the sort repugnant to the conscience of mankind."  Being roughly tossed into a wheelchair on a single occasion does not rise to the level of an Eighth Amendment violation, particularly when there is no evidence that the degree of force used caused discernible injury.

Based upon the foregoing, the Court finds that Plaintiff cannot make a showing sufficient to establish elements essential to his Eighth Amendment claims against Defendant.

## IV.

### CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff cannot establish the existence of an element essential to his Eighth Amendment claims.  Therefore, the Court finds that summary judgment should be granted in favor of Defendant and against Plaintiff.

Accordingly, it is HEREBY RECOMMENDED that Defendant's motion for summary judgment be GRANTED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written

//
//
//
//
//
//
//

7

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

    Dated:   **December 18, 2013**

UNITED STATES MAGISTRATE JUDGE